Shana Lee McCart-Pollak
1900 Thunder Ridge Circle
Henderson, Nevada 89012
(702) 439-2263
Email: lotsoflovebuddies@yahoo.com
PLAINTIFF IN PROPER PERSON

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FILED _____   RECEIVED _____
ENTERED _____   SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 0 5 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

SHANA LEE MCCART-POLLAK

Plaintiff

-VS-

EDWARD ETKIN, an individual; LAW
OFFICES OF EDWARD ETKIN, ESQ. PC a
New York business entity; DOES I through
X; ROE BUSINESS ENTITIES I through X,
inclusive

Defendant(s)

CASE NO.:

**COMPLAINT**

_____/    **2:17-cv-00042-RFB-CWH**

## COMPLAINT

Comes now, Plaintiff, Shana Lee McCart-Pollak, in proper person, hereby complains and alleges against Defendant(s) Edward Etkin, "Edward", and Law Offices of Edward Etkin Esq. PC "Etkin", as follows:

### INTRODUCTION

Shana came up with the idea for "Lots of Love Buddies" in 2011. She took multiple steps to protect her idea in 2012. Some of those steps were hiring the Defendant and his Law Firm to file patents and trademarks for Shana's Lots of Love Buddies Concept. In February 2012, Defendants filed two trademarks for Shana ("Lots of Love Buddies" and "LolBuddies") In November 2012, Defendants filed a non-provisional patent "System and Method for Providing a Toy Operable For Receiving and Selectively Vocalizing Various Electronic Communications From Authorized Parties,

1   and For Providing a Configurable Platform Independent Interactive Infrastructure For

2   Facilitating Optimal Utilization Thereof" for Shana's" Lots of Love Buddies"

3      In June 2014, Shana became aware of a similar product being marketed in a

4   commercial on television. Shana notified Edward of this potential infringer and that she

5   actually pitched to this gentleman at a private and confidential Toy Convention.  Edward

6   agreed that they appear to have misappropriated her IP.  Edward advised Shana that

7   she had two legal avenues that she could pursue in regards to her legal rights.  Patent

8   infringements once her patent issues, (but to put the infringers on alert with a demand

9   letter) so that the infringement will become willful, and Federal Causes of action under

10  Unfair Business practices, Unfair Competition, Misappropriations, Fraud, Copyright

11  Infringements and other similar cases. Edward also advised Shana with a quote to

12  pursue Track 1 on her patent to speed up the patent pending process.  Shana spoke

13  with multiple Law Firms who **in turn** had communications with Edward in regards to

14  Shana's patent, trademarks and evidence. In or about August/ September Shana

15  retained the Law Firms Bellon and Maningo **("B&M")** and Marquis, Aurbach and Coffing

16  **("MAC")** on a contingency basis to pursue her legal rights.  On or about December 4,

17  2016, "MAC" proceeded to send six demand letters to the infringers to put them on

18  heightened alert.

19     Shana also hired Holland and Hart **("H&H")** on a non-contingency basis in

20  regards to her patent and pursing Track 1 to speed up the patent pending process. In

21  October 2014, "H&H" requested that Shana have Edward send them all of her files.

22  "H&H" also had communications with Edward.  Although Edward made multiple

23  promises to send files he only uploaded a few files in December 2014.  Following this

24  upload, "H&H" specifically requested the following: for all of Shana's physical files, her

25  USPTO file wrappers and further correspondence that he receives from the Patent

26  Office. "H&H" also advised Edward that he was responsible for all Office actions until

27  the USPTO grants the Power of Attorney.

28

Edward received in December 2013 an Office Action from the USPTO a NOTICE TO FILE CORRECTED APPLICATION PAPERS (In regards to a drawing in the patent). Edward did not notify or apprise Shana  of the Office Action.  Edward FAILED to correct or file any documents in response to the USPTO. Due to Edwards negligence the USPTO in August 2014 sent an additional Office Action NOTICE OF ABANDONMENT UNDER CFR 1.53 (f) OR (g). Edward FAILED to notify or apprise Shana or any of her lawyers at, "B&M", "MAC" and "H&H"  of the NOTICE OF ABANDONMENT.

Due to the lack of Edward's Cooperation  and his duty to send Shana her files, on or about  December 18, 2014 "H&H"  filed a POWER OF ATTORNEY, CORRECTION OF APPLICANT and EXPEDITE CONSIDERATION for Shana in order for Shana and "H&H" to have access to her patent. On or about January 12, 2015, "H&H"  received from the USPTO **GRANTING** the EXPEDITIED CONSIDERATION but **DISMISSED** the POWER OF ATTORNEY and CORRECTION OF APPLICANT stating the patent was in an **ABANDONED STATUS**. This was the first time Shana and or her Lawyers were aware that her Patent was ABANDONED and of Edward's misconduct. Therefore, on or about January 23, 2015 "H&H"  filed the PETITION TO REVIVE Shana's Patent along with CORRECTION OF APPLICANT (and the CORRECTION OF A DRAWING in the  PATENT which EDWARD had FAILED to do causing Shana's Patent to go ABANDONED) and another POWER OF ATTORNEY.  This concealed fact along with  Edwards negligence harmed Shana; thus, she incurred additional monetary damages in order to restore her patent to a Patent Pending Status.

Due to the abandoned patent and as Edwards misconduct continued to come to light,  on or about June of 2015, "MAC" Law Firm and "B&M" Law Firm dissolved their contingency agreement with Shana regarding the patent and non-patent lawsuit harming Shana.

On or about March 18, 2015, Edward became administratively suspended by the USPTO for failure to respond to the Mandatory Survey, A Notice of Noncompliance, and a Rule to Show Cause.  Edward failed to notify or apprise Shana or the three Law Firms

1   working with Shana that he was ADMINISTRATIVELY SUSPENDED FROM THE

2   USPTO.

3        On or about January 8, 2016,  In the FINAL ORDER in regards to PROCEEDING

4   NO. D2016-05 of the UNITED STATES PATENT AND TRADEMARK OFFICE before

5   the DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, the

6   USPTO accepted Edward's affidavit of resignation and ORDERED Edwards

7   EXCLUSION on Consent from PRACTICE BEFORE THE OFFICE IN PATENT,

8   TRADEMARK, and NON-PATENT LAW.  Edward FAILED to notify or apprise Shana or

9   "H&H"  that he had been excluded from practicing in front of the USPTO.  Edward

10  FAILED to alert the USPTO or withdraw himself from Shana's pending patent after his

11  exclusion; thus, Shana's Power of Attorney to remove Edward was not granted until

12  December 2, 2016.

13       From the date that Edward was advised by the USPTO (8/18/2014) that the

14  patent was abandoned, along with the withholding of Shana's files, and the date that the

15  Power of Attorney was finally granted by the USPTO (12/2/2016) an elapsed time of

16  approximately **837 days** had occurred. All of these fraudulently concealed facts by

17  Edward to Shana, her Lawyers, and the USPTO  harmed Shana and impeded her

18  access to her patent for over two years three months and fourteen days.

19       To date, Shana is still incurring monetary damages  in regards to her patent for

20  Edwards negligence, misconduct, lack of loyalty and care to Shana, and performing

21  below the recognized standard for a patent lawyer.

22                                    I.

23                               **PARTIES**

24       1. Plaintiff Shana Lee McCart-Pollak is an individual who resides in Clark County

25  Nevada at 1900 Thunder Ridge Circle, Henderson, Nevada 89012

26       2.   On information and belief, Defendant Edward Etkin is an individual, who

27  resides in New York at 228 West End Avenue, Brooklyn, NY 11235

28

3.  On information and belief, Defendant  Law Offices of Edward Etkin, Esq. PC, is a lawfirm company with a business address at 228 West End Avenue, Brooklyn, NY 11235

4.  DOES I-X and ROE BUSINESS ENTITIES I-X inclusive, are individuals, associations or corporations which may have in some way caused or contributed to Plaintiff's damages as herein alleged.  The true names and capacities of DOES I-X and ROE BUSINESS ENTITIES I-X, inclusive, are currently unknown to Plaintiff's and Plaintiff will amend this Complaint to assert those true names and capacities when they are ascertained.

### JURISDICTION

This Court has subject matter jurisdiction over this action and venue in this judicial district is proper.

### II.

### GENERAL ALLEGATIONS

5. Shana retained a patent attorney, Edward Etkin,  on or about January 17, 2012

6. On or about January 18, 2012, Shana wired Edward payment for the Patent/Trademarks

7.  On or about February 1, 2012, Shana wired Edward an additional payment for the Patent/Trademarks so that both patents and trademarks are now paid in full.

8. On or about February 17, 2012, Edward  filed trademark LOTS OF LOVE BUDDIES for Shana

9. On or about February 17, 2012, Edward filed trademark LOL BUDDIES for Shana

10. On or about November 10, 2012, Edward sent Shana via email marketing documents for her "Lots of Love Buddies" brochure to give to Professionals at the Chicago Toy and Game Convention November 15-17, 2012.

11. Edward advised Shana the Marketing Document can be given to any interested party.

12. On or about November 15, 2012, Edward filed a non-provisional patent "System and Method for Providing a Toy Operable For Receiving and Selectively Vocalizing Various Electronic Communications From Authorized Parties, and For Providing a Configurable Platform Independent Interactive Infrastructure For Facilitating Optimal Utilization Thereof" for Shana's "Lots of Love Buddies" concept.

13. Edward, on his Law Offices of Edward Etkin, Esq. PC letterhead dated November 15, 2012, affirmed and certified that Shana was U.S. and International Patent pending and also had two pending registration status of Federal Trademarks.

14. Edward sent this letter to Shana, for inclusion in her "Lots of Love Buddies" brochure and concept for the T&GCon/Chitag (Toyand Game Conference/ Chicago Toy and game ) Conference November 15-17, 2012.

15. On December 9, 2013, The USPTO sent a NOTICE TO FILE CORRECTED APPLICATION PAPERS to Edward.

16. Edward did not notify Shana of the Office Action NOTICE TO FILE CORRECTED APPLICATION PAPERS.

17. Edward FAILED to correct or file any documents in response to the USPTO. Due to Edward's negligence Shana's patent was abandoned 8/18/2014.

18. On or about June 2014, Shana alerted Edward that she had seen a commercial on television for a similar product called "CloudPets"

19. Shana then worked closely with Edward sending him evidence, etc of who stole her idea, who were infringing on her "Lots of Love Buddies" and Edward advised Shana and they discussed in detail how she should pursue her legal rights.

20. On or about July 2, 2014, Edward emailed Shana 2 documents.

21. The first Document details the two different ways to go after the parties who appear to have misappropriated her IP. One way is to pursue patent infringement action, the second way was to pursue Federal Causes of action under Unfair Business practices, Unfair Competition, Misappropriations, Fraud, Copyright Infringements and other similar cases.

22. The second Document were two options to pursuing patent prosecution options in regards to Track 1.

23. Edward had phone conversations with "MAC" Law Firm and "B&M" Law Firm in regards to Shana's patent and their pursuing Shana's legal rights in a lawsuit.

24. After reviewing Shana's evidence along with their positive communications with Edward in regards to and affirming Shana's patent. "B&M" and "MAC" offered to pursue Shana's legal rights on patent and non-patent lawsuits on a contingency basis.

25. Shana on or about August/September 2014, retained the services of "B&M" Law Firm who on a contingency along with "MAC" Law Firm were moving forward on the patent and non-patent lawsuit in regards to the product infringing on her "Lots of Love Buddies".

26. On or about October 2014, Shana retained the Law Firm "H&H" in regards to her patent to work in conjunction with "MAC" and "B&M" in pursuing her legal rights.

27. On or about December 2014, "MAC" sent six demand letters to the infringers on behalf of Shana for a patent and non-patent lawsuit they were pursuing on a contingency basis.

28. Edward had email communications with "H&H" in regards to Shana's patent files.

29. Edward was very well aware of Shana's third party contracts with the law firms and lawyers which were pursuing Shana's legal rights. (B&M, MAC on contingency basis, and H&H on a retainer)

30. On August 18, 2014, The USPTO sent a NOTICE OF ABANDONMENT UNDER CFR 1.53 (f) OR (g) to Edward.  Edward received the NOTICE OF ABANDONMENT, and Edward failed to file any document in response.

31. Edward and Shana had multiple text, email, and phone communications after the USPTO sent the NOTICE OF ABANDONMENT

32. Edward FAILED to notify or apprise Shana of the NOTICE OF ABANDONMENT

33. Edward FAILED to notify "B&M"  Law Firm of the NOTICE OF ABANDONMENT

34. Edward FAILED to notify "MAC" Law Firm of the NOTICE OF ABANDONMENT

35. Edward FAILED to notify "H&H" Law Firm of the NOTICE OF ABANDONMENT

36. Even though Edward had multiple communications with Shana and her Lawyers over the following months, and was bound by the ethics of a lawyer to exercise loyalty, honesty and care to his client.  Edward continued to negligently misrepresent the Status of Shana's patent by concealing the fact that the patent was abandoned.

37. On or about October 23, 2014, "H&H" had Shana request her files from Edward.

38. On or about November 7, 2014, Shana sent Edward an email in regards to the information which "H&H" attorneys had requested for the Power of Attorney

39. On or about November 12, 2014, Edward replied to Shana that he would be home late in the evening and would take care of it ASAP.

40. On or about December 19, 2014, Edward uploaded a few files to a Dropbox for Shana and "H&H" and acknowledged he would be uploading more files over the next few days. Edward FAILED to upload any additional files.

41. On or about December 19, 2014, "H&H" issued an additional email to Edward requesting specifically the USPTO file wrappers, all physical files and any further correspondence that he received from the patent office.

42. "H&H" also reminded Edward that *"until we have received all of the above items, we cannot prosecute the application on behalf of Shana, and thus you will be responsible for all Office Actions and other communications from the USPTO. Similarly, while we hope to have the USPTO change the correspondence address for Shana's files soon, if there are any communications you receive from the patent office until that happens, we cannot take appropriate actions until you forward us that correspondence and thus, again, you will be responsible for any actions that need to be taken unless and until we receive a copy of the communication."*

43. On or about December 31, 2014, "H&H" received a voicemail from Edward stating he should be back January 6, 2015

44. On or about January 6, 2015, "H&H" received another voicemail form Edward stating he should be back by the end of the week.

45. Edward to date even after multiple promises to Shana and "H&H", has FAILED to send "H&H" any of Shana's physical files, FAILED to send the USPTO file wrappers, and FAILED to send any of the USPTO office actions, or correspondences from the USPTO

46. Shana has not heard from Edward since January 6, 2015

47. Edward since the voicemail on January 6, 2015, has FAILED to respond to any of Shana's emails or texts. **(going completely silent)**

48. Shana, to date, has NOT RECEIVED all of her files from Edward regarding her patents or trademarks.

9

49. Due to Edwards lack of cooperation, the withholding of Shana's files, not responding, the abandonment of Shana's patent, and the fact that Edward was still the Power of Attorney on Shana's patent, Shana was unable to pursue her PCT PATENT (International Patent Rights)

50. On or about December 18, 2014, "H&H" filed a POWER OF ATTORNEY, CORRECTION OF APPLICANT and EXPEDITE CONSIDERATION for Shana.

51. On or about January 12, 2015, "H&H" received from the USPTO **GRANTING** the EXPEDITED  CONSIDERATION but **DISMISSED** the Power of Attorney and Correction of Applicant.  Stating the patent was in an **ABANDONED STATUS.**

52. On or about January 23, 2015, "H&H" filed the petition to revive Shana's patent along with correction of applicant and another Power of Attorney.

53. On or about March 18, 2015, Edward became administratively suspended by the USPTO for failure to respond to the Mandatory Survey, a Notice of Noncompliance, and a Rule to Show Cause.

54. Edward FAILED to notify or apprise Shana that he was administratively suspended from the USPTO.

55. Edward FAILED to notify or apprise "H&H" that he was administratively suspended from the USPTO

56. Edward FAILED to notify or apprise "B&M" that he was administratively suspended from the USPTO.

57. Edward FAILED to notify or apprise "MAC" that he was administratively suspended from the USPTO.

58. Edward additionally, FAILED to withdraw himself from Shana's pending patent after being administratively suspended.

59. Due to the abandoned patent and the misconduct of Edward which was slowly coming to light, "MAC" Law firm and "B&M" Law firm on or about June

2015, dissolved their contingency agreement with Shana regarding the patent and non-patent lawsuit.

60. On or about July 21, 2015, "H&H" petition to revive Shana's patent was **GRANTED.** But in regards to the Power of Attorney the USPTO states, *"This application file is being referred to the Office of Patent Application Processing (OPAP) for:… and reconsideration of the Power of Attorney, filed January 23, 2014. "*

61. On January 8, 2016, In the FINAL ORDER in regards to Proceeding No. D2016-05 of the United States Patent and Trademark Office before the Director of the United States Patent and Trademark Office, the USPTO accepted Mr. Etkin's affidavit of resignation and ordered his exclusion on consent from practice before the Office in patent, trademark, and non-patent law.

62. Edward FAILED to notify or apprise Shana that he had been excluded from practicing in front of the USPTO.

63. Edward FAILED to notify or apprise "H&H"  that he had been excluded from practicing in front of the USPTO

64. Edward FAILED to alert the USPTO or once again to withdraw himself from Shana's pending patent after his exclusion to practice before the USPTO on January 8, 2016; thus, due to this concealed fact Shana's Power of  Attorney to remove Edward was not granted until December 2, 2016

65. Shana in multiple emails from October 23, 2014 to January 12, 2014 continued to plead with Edward to send her all of her files.

66. To date, Shana has never received all of her files from Edward

67. Edward went completely silent on Shana and her lawyers after January 6, 2015

68. From the date that Edward was advised by the USPTO (8/18/2014) that the patent was abandoned, along with the withholding of Shana's files, and the

date that the Power of Attorney was finally granted by the USPTO (12/2/2016) an elapsed time of approximately **837 days** had occurred. All of these fraudulently concealed facts by Edward to Shana, her Lawyers, and the USPTO  harmed Shana and impeded her access to her patent for over two years three months and fourteen days.

### III.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

69. Shana incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein. 1-68

70. Shana and Edward entered into a contract for patent and trademarks in January 2012

71. Shana did all of the significant things required for the contract. She paid Edward in full, she worked closely with him in regards to the trademarks and patents.

72. All conditions required for Edwards performance had occurred.

73. Edward interfered and breached the contract with Shana 's right to receive the benefits of the contract through his negligent care and duty to represent in the best interest of his (client) Shana to the USPTO. Edward FAILED Shana by not advising her of Office Actions, disregarding Office Actions, not responding to Office Actions and allowing Shana's patent to go abandoned.

74. Due to Edwards Breach of Contract, Shana was harmed and has sustained general damages in excess of $75,000.00

75. Due to Edwards Breach of Contract, Shana has been required to retain the services of "H&H" Law Firm in order to re-establish her patent pending status and attempt to secure her patent. "H&H"  thus far has prosecuted multiple actions to the USPTO in order to fix Edwards actions and omissions, prosecuted actions to revive her patent, prosecuted actions to have the

Power of Attorney changed, etc.  Shana is therefore entitled to reasonable attorney fees and costs in an attempt to make her whole.

76. As a direct and proximate result of Defendants' conduct, both jointly and severally, of the Breach of Contract, Shana and her family have suffered and will continue to suffer irreparable injury and monetary damages as a result of defendant's fraudulent practices unless or until this Court grants relief

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Fraud by Negligent Misrepresentation)**

77. Shana incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein. 1-76

78. Edward represented to Shana that an important fact as to the status of her patent was true

79. Edward additionally negligently misrepresented the status of Shana's patent to the Law Firms "B&M", "MAC" who were retained by Shana on a contingency basis and "H&H" retained by Shana on a retainer.

80. Edward's representation of the status of Shana's patent was not true due to his negligence and FAILURE to correct and file pertinent Office Actions regarding Shana's patent with the USPTO.

81. That although Edward may have honestly believed that the representation was true, Edward had no reasonable grounds for believing the representation as true when he made it for the facts already alleged herein and the multiple Office actions from the USPTO apprising him to correct pertinent filings and the consequences if he fails (which he failed to do). Along with the USPTO apprising Edward that due to his lack of correcting the files the patent was deemed abandoned by the USPTO.

82. Edward intended that Shana and her lawyers to continue to rely on this representation by not notifying or apprising them and concealing the truth that he had let her patent go abandoned.

83. Shana reasonably relied on Edwards representation to her and her lawyers, causing her harm, thus; such reliance was a substantial factor in causing her harm.

84. Edwards continued negligent misrepresentation to Shana and her lawyers along with his concealment of the truth that he had let her patent go abandoned caused Shana to sustain general damages in the amount excess of $75,000.00.

85. Due to Edward's negligent misrepresentations, Shana has been required to retain the services of "H&H" Law Firm in order to re-establish her patent pending status and attempt to secure her patent. "H&H" thus far has prosecuted multiple actions to the USPTO in order to fix Edwards actions and omissions, prosecuted actions to revive her patent, prosecuted actions to have the Power of Attorney changed, etc.  Shana is therefore entitled to reasonable attorney fees and costs in an attempt to make her whole.

86. As a direct and proximate result of Defendants' actions, both jointly and severally, of the tort of Fraud by Negligent Misrepresentation,  Shana and her family have suffered and will continue to suffer irreparable injury and monetary damages as a result of Edwards fraudulent practices unless or until this Court grants relief.

### THIRD CLAIM FOR RELIEF

### (Concealment Fraud)

87. Shana incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein. 1-86

88. Edward and Shana were in an attorney client relationship; and Edward intentionally failed to disclose to Shana about USPTO Office Actions and that he had let her patent go abandoned. Edward disclosed some facts to Shana and her lawyers, however, Edward intentionally   failed to disclose an important material fact that was only known to him and that Shana and her

14

lawyers could not have discovered since Edward was the Power of Attorney on her Patent.

89. Shana and her Lawyers did not know of the concealed fact.

90. Edward intended to deceive Shana and her lawyers by concealing the fact.

91. Edward had multiple communications and opportunities over the next months with Shana and her Lawyers to apprise them that the patent was abandoned. Instead, Edward chose to actively continue to fraudulently conceal the facts. Edward then intentionally did not cooperate with sending Shana her files in order for her to have access to her patent and change her Power of Attorney to "H&H" preventing Shana and "H&H" from discovering this fact.

92. From the date that Edward was advised by the USPTO (8/18/2014) that the patent was abandoned, along with the withholding of Shana's files, and the date that the Power of Attorney was finally granted by the USPTO (12/2/2016) an elapsed time of approximately **837 days** had occurred. All of these fraudulently concealed facts by Edward to Shana, her Lawyers, and the USPTO  harmed Shana and impeded her access to her patent for over two years three months and fourteen days.

93. Shana reasonably relied on Edwards representation to her and her lawyers and due to his fraudulent concealment of facts, Edward caused her harm, thus; such reliance and the concealment of important facts was a substantial factor in causing her harm.

94. Edward additionally did not disclose and concealed the facts to Shana or her Lawyers that he was administratively suspended in March of 2015.

95. Edward additionally did not disclose and concealed the facts to Shana or her Lawyers that he was barred from practicing in front of the USPTO in January 2016.

96. Edward additionally did not disclose and concealed the fact to the USPTO, that he was the Power of Attorney on Shana's patent, thus, Shana's Power of Attorney was not granted until December 2, 2016 causing her harm.

97. Due to Edwards fraudulent concealment of facts, Shana sustained general damages and was harmed in excess of $75,000.00

98. Due to Edward's Fraudulent Concealment of facts, Shana has been required to retain the services of "H&H" Law Firm in order to re-establish her patent pending status and attempt to secure her patent. "H&H" thus far has prosecuted multiple actions to the USPTO in order to fix Edwards actions and omissions, prosecuted actions to revive her patent, prosecuted actions to have the Power of Attorney changed, etc.   Shana is therefore entitled to reasonable attorney fees and costs in an attempt to make her whole.

99. As a direct and proximate result of Defendants' actions, both jointly and severally, of the tort of concealment of fraud, Shana and her family have suffered and will continue to suffer irreparable injury and monetary damages as a result of defendant's fraudulent practices unless or until this Court grants relief

### FOURTH CLAIM FOR RELIEF

### (Negligent Interference with Prospective Economic Relations)

100.   Shana incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein. 1-99

101.   Shana and the law firms "B&M" and "MAC" were in an economic relationship that probably would have resulted in a future economic benefit to Shana.

102.   Edward knew or should have known of this relationship due to his direct communications with lawyers of these law firms and with communications with Shana in regards to pursuing her legal rights.

103.   Edward knew or should have known that this relationship would be disrupted if he failed to act with reasonable care.

104.   Edward FAILED to act with reasonable care by not answering Office Actions in regards to Shana's patent; thus the USPTO due to his lack of legal work in fixing a drawing to correlate with the key for the drawing deemed Shana's patent abandoned, which negligently interfered with prospective economic relations between Shana, "MAC" and "B&M"

105.   Edward additionally FAILED to act with reasonable care by engaging in the wrongful conduct through negligent misrepresenting the status of Shana's patent and fraudulently concealing the fact that the patent was abandoned which negligently interfered with prospective economic relations between Shana, "MAC" and "B&M"

106.   Edwards Failure to act with reasonable care in preserving Shana's patent and his misconduct, thus, caused the relationship between Shana and the Law Firms "MAC" and "B&M" to be disrupted.

107.   Due to Edward's Interference with Prospective Economic Relations, Shana was left without representation to pursue her patent and non-patent legal rights, causing her to have to represent herself Pro Se.

108.   Shana was harmed and Edward's failure to act with reasonable care and wrongful conduct was a substantial factor in causing Shana harm.

109.   Edwards Negligent Interference with Prospective Economic Relations caused Shana to sustain general damages in excess of $75,000.00

110.   As a direct and proximate result of Defendants' actions, both jointly and severally, of Negligent Interference with Prospective Economic Relations, Shana and her family have suffered and will continue to suffer stress, mental anguish, irreparable injury and monetary damages as a result of defendants fraudulent practices unless or until this Court grants relief

//

### FIFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

111.   Shana incorporates by reference the allegation in each of the foregoing paragraphs as if fully set forth herein. 1-109.

112.   Shana and Edward entered into a Fiduciary relationship by the means of an  Attorney/ Client contract in 2012

113.   Shana justifiably vested confidence, good faith, reliance and trust in Edward.

114.   As a lawyer of the Law Firm, the Defendants owe fiduciary duties of care, loyalty, and good faith to their (client) Shana.  Defendants' Fiduciary include obligations to exercise good business judgment, to act prudently in the operations of Shana's patents and trademarks, to discharge their actions in good faith, to act in the best interest of their (client) Shana, and to put the interest of their (client) Shana, before their own.

115.   Defendants breached their fiduciary duty of care to their (client) Shana by, among other things, routinely mismanaging their (client) Shana's patents and trademarks due to Edwards FAILURE to respond to Office Actions from the USPTO in regards to Shana's patents and trademarks.

116.   Defendants breached their fiduciary duty of loyalty and good faith to their (client) Shana by, among other things, intentionally concealing and misrepresenting material facts to their (client) Shana and her Lawyers.

117.   Defendants' Breached their Fiduciary Duty of loyalty and care by concealing the following facts: that he had allowed Shana's patent to go abandoned,  that he was administratively suspended from the USPTO in March of 2015, and in January of 2016 Edward entered a affidavit of resignation and the USPTO ordered his exclusion on the consent from practice before the Office in patent, trademark, and non-patent law.

118.   Edward's Breach of his Fiduciary duty caused Shana to sustain general damages and substantial harm in the amount excess of $75,000.00.

119.   Due to Edward's Breach of Fiduciary Duty, Shana has incurred substantial costs for correcting Edwards breach of loyalty and care by rectifying his actions with the USPTO, in order to get Shana's patent back to the pending stage. Shana has incurred and will continue to incur substantial damages until she is made whole.

120.   Additionally, had Edward acted with reasonable loyalty and care, by not concealing important facts, filing patent filings correctly and on time then Shana would not have been delayed with her power of attorney being changed to "H&H" causing her substantial harm in regards to time and money in another lawsuit.

121.   As a direct and proximate result of Defendants' actions, both jointly and severally, of the breaching of Fiduciary Duty  Shana and her family have suffered and will continue to suffer irreparable injury and monetary damages as a result of defendants fraudulent practices unless or until this Court grants relief.

### SIXTH CLAIM FOR RELIEF

#### (Legal Malpractice)

122.   Shana incorporates by reference the allegations in each of the foregoing paragraphs as if fully set forth herein. 1-121

123.   Shana and Edward entered into an fiduciary client relations through the means of an attorney/ client contract in 2012

124.   Edward FAILED in provide the care, skillful, competent representation, and diligence that are commonly exercised by other attorneys which Shana deserved.

125.   Shana requested from Edward multiple times for her files.

126.   "H&H" specifically requested from Edward specific files in regards to Shana's patent: the USPTO file wrappers, all of Shana's physical files and any correspondence from the patent office.

127.   "H&H" additionally explained to Edward that until they received the above requested (#124) that H&H cannot prosecute the application on behalf of Shana, and thus Edward is responsible for all Office Actions and other Communications from the USPTO.  Additionally until the USPTO changes the Power of Attorney, any communications from the USPTO Edward is responsible for unless he forwards a copy of the communications to "H&H". Which Edward FAILED to do.

128.   Edward to date even after multiple promises to Shana and "H&H", has FAILED to send Shana or "H&H" any of Shana's physical files, FAILED to send the USPTO file wrappers, and FAILED to send any of the USPTO office actions.

129.   Edward has been silent to Shana and her Lawyers since January 2015. Edward has not responded to or acknowledged any of Shana's emails or texts since.

130.   Edward committed Legal Malpractice due to his lack of cooperation and the withholding of Shana's files from their client (Shana) and her lawyers impeding the ability for Shana and her lawyers to have access to her patent rights.

131.   Due to Edwards Legal Malpractice,  Shana was unable to pursue her PCT PATENT due to deadlines.  Therefore, Shana lost her rights to her International Patent.

132.   Due to Edward's misconduct, Shana has suffered monetary damages in order to rectify Edwards negligence in protecting Shana and her U.S. patent rights.  Shana has been required to retain the services of "H&H" Law Firm in order to re-establish her patent pending status and attempt to secure her

patent due to Edwards negligence. "H&H" thus far has prosecuted multiple actions to the USPTO in order to fix Edwards actions and omissions, prosecuted actions to revive her patent, prosecuted actions to have the Power of Attorney changed, etc. Shana is therefore entitled to reasonable attorney fees and costs in an attempt to make her whole.

133.   Due to Edward's wrongful conduct of Legal Malpractice, Shana was substantially harmed and sustained general damages in excess of $75,000.00.

134.   As a direct and proximate result of Defendants' actions, both jointly and severally, of Legal Malpractice, Shana and her family have suffered and will continue to suffer irreparable injury and monetary damages as a result of defendants fraudulent practices and lack of loyalty and care unless or until this Court grants relief

### PRAYER FOR RELIEF

**WHEREFORE,** based upon the foregoing, Shana respectfully requests that judgment be entered in her favor and against Defendants

1.   For actual and compensatory damages in excess of $75,000.00

2.   For an award of exemplary and punitive damages for irreparable harm done to plaintiff by Defendants and as the Court deems appropriate.

3.   Directing Defendants, to place plaintiff in the position she would have occupied but for Defendants Breach of Contract, Fraud by Negligent Misrepresentation, Concealment of Fraud, Interference with Prospective Economic Relations, Breach of Fiduciary Duty, Legal Malpractice; and make her whole

4.   Directing Defendants, both jointly and severally, to pay plaintiff compensatory damages and damages for her mental anguish, humiliation, and for family mental anguish

5.   For an award of reasonable costs and fees for this lawsuit.

6.   For an award for all Attorney fees.

7.   Granting such other and further relief as the Court deems necessary and proper.

### JURY DEMAND

Shana demands a Jury trial on all issues triable by Jury.

Dated this 5th day of January, 2017

_Shana Lee M. Cart-Pollak_

SIGNATURE

Shana Lee McCart-Pollak

1900 Thunder Ridge Circle

Henderson, Nevada 89012

(702) 439-2263