DANIEL T. HAYWARD
Nevada State Bar No. 5986
JAMES MURPHY
Nevada State Bar No. 8586
LAXALT & NOMURA, LTD.
6720 Via Austi Pkwy., Suite 430
Las Vegas, Nevada 89119
Tel. (702) 388-1551
Fax. (702) 388-1559
dhayward@laxalt-nomura.com
jmurphy@laxalt-nomura.com
Attorneys for Defendants
*Edward Etkin, and*
*Law Office of Edward Etkin, Esq. PC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANA LEE MCCART-POLLAK ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EDWARD ETKIN, an individual; LAW ) <br> OFFICES OF EDWARD ETKIN, ESQ. PC ) <br> a New York business entity; DOES I ) <br> Through X; ROE BUSINESS ENTITIES ) <br> I through X, inclusive ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:17-cv-00042-RFB-CWH |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants EDWARD ETKIN and LAW OFFICE OF EDWARD ETKIN, ESQ. PC, by and through their counsel of record, LAXALT & NOMURA, LTD., state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint on file herein.

At the outset, Defendants state that Plaintiff's "Introduction" contains a lengthy narrative of alleged facts and arguments which Defendants are not required to reduce to its component parts and specifically admit or deny. To the extent, if at all, Defendants are required to admit or deny the allegations contained in Plaintiff's narrative "Introduction," Defendants refer to their

responses to the numbered paragraphs of Plaintiff's Complaint to the extent those numbered paragraphs contain the same allegations. Defendants deny all other allegations contained in Plaintiff's narrative "Introduction."

## I.

## PARTIES

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint, and on that basis deny the same.

## JURISDICTION

Plaintiff's unnumbered allegation regarding jurisdiction and venue sets forth a conclusion of law, and not fact, to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and on that basis deny the same.

## II.

## GENERAL ALLEGATIONS

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

13. Defendants admit the allegations contained in paragraph 13 of the Complaint

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants, for their response to the allegations contained in paragraph 15 of the Complaint, admit that the USPTO claims to have issued a Notice to File Corrected Application Papers on or about December 9, 2013.  Defendants deny that they became aware of such Notice, or that they received a physical Notice from the USPTO.

16. Defendants, for their response to the allegations contained in paragraph 16 of the Complaint, admit that Edward did not notify Plaintiff of the Office Action, because Defendants did not become aware of the Office Action.

17. Defendants, for their response to the allegations contained in paragraph 17 of the Complaint, admit that Edward did not correct or file any document in response to the USPTO, because Defendants did not become aware of the Office Action.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendants, for their response to the allegations contained in paragraph 19 of the Complaint, deny that Plaintiff sent Edward "evidence etc." of who "stole her idea, who were infringing on her 'Lots of Love Buddies,'" or that he advised her how she should pursue her legal rights.  Defendant admits that Plaintiff sent Edward materials which she claimed supported the allegation that someone had "stolen her idea", and that he advised her, in a general sense, as to how one could go about pursuing an alleged infringer.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, and on that basis deny the same.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

25. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint, and on that basis deny the same.

26. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint, and on that basis deny the same. However, Defendants do admit that H&H represented that Plaintiff had retained them.

27. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint, and on that basis deny the same.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants, for their response to the allegations contained in paragraph 30 of the Complaint, admit that the USPTO claims to have issued a Notice of Abandonment on August 18, 2014. Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent, and on that basis deny the remaining allegations.

31. Defendants, for their response to the allegations contained in paragraph 31 of the Complaint, admit that the USPTO claims to have issued a Notice of Abandonment. Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent, and on that basis deny the remaining allegations. Defendants admit that Edward and Plaintiff had limited email communications after August 18, 2014. Defendants lack sufficient information to admit or deny the remaining allegations, and on that basis deny the same. Edward was on intermittent extended medical leave from August 2014 until approximately early May 2015, and this fact was communicated to Plaintiff.

32. Defendants, for their response to the allegations contained in paragraph 32 of the Complaint, admit that Edward did not advise Plaintiff of the alleged Notice of Abandonment. Defendant denies that he "FAILED" to do so, because Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

33. Defendants, for their response to the allegations contained in paragraph 33 of the Complaint, admit that Edward did not notify B&M of the alleged Notice of Abandonment. Defendant denies that he "FAILED" to do so because Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent. Defendants further deny that they had a duty to notify B&M.

34. Defendants, for their response to the allegations contained in paragraph 34 of the Complaint, admit that Edward did not notify MAC of the alleged Notice of Abandonment. Defendant denies that he "FAILED" to do so because Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent. Defendants further deny that they had a duty to notify MAC.

35. Defendants, for their response to the allegations contained in paragraph 35 of the Complaint, admit that Edward did not notify H&H of the alleged Notice of Abandonment. Defendant denies that he "FAILED" to do so because Defendants do not recall receiving such a Notice or becoming aware at that time that such a Notice had allegedly been sent.

36. Defendants, for their response to paragraph 36 of the Complaint, admit that Edward exchanged emails with MAC on August 22, 2014, regarding setting up a telephone call, and had exchanged several emails with H&H in December 2014, and that Edward was bound by the ethics of a lawyer to exercise loyalty, honesty and care to his client. Defendants deny the remaining allegations.

37. Defendants admit the allegations contained in paragraph 37 of the Complaint

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit the allegations contained in paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in paragraph 41 of the Complaint

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

43.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint, and on that basis deny the same.

44.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint, and on that basis deny the same.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint. Edward sent H&H the electronic files in Defendants' possession. Defendants had no physical files or electronic files prior to November 2012, because they were lost as a result of Hurricane Sandy, and subsequently all client files (including the Plaintiff's file) were kept in electronic form only.

46.     Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint. Edward sent H&H and Plaintiff the materials in Defendants' possession.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 50 of the Complaint, and on that basis deny the same.

51.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint, and on that basis deny the same.

52.     Defendants lack sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint, and on that basis deny the same.

53.     Defendants admit the allegations contained in paragraph 53 of the Complaint

54.     Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.     Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint. Defendants had no duty to notify or apprise B&M of this fact.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

57. Defendants admit the allegations contained in paragraph 57 of the Complaint. Defendants had no duty to notify or apprise B&M of this fact.

58. Defendants admit the allegations contained in paragraph 58 of the Complaint.

59. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint, and on that basis deny the same.

60. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint, and on that basis deny the same.

61. Defendants admit the allegations contained in paragraph 61 of the Complaint.

62. Defendants admit the allegations contained in paragraph 62 of the Complaint.

63. Defendants admit the allegations contained in paragraph 63 of the Complaint

64. Defendants, for their response to paragraph 64 of the Complaint, admit that Edward did not alert the USPTO or withdraw himself from Shana's pending patent after his exclusion to practice before the USPTO on January 8, 2016. Defendants deny that Edward "concealed" this fact from Plaintiff, and deny the remaining allegations.

65. Defendants, for their response to paragraph 65 of the Complaint, deny that Plaintiff "continued to plead" with Edward, but admits that she sent him multiple emails during the referenced time period asking that he send her all of her files. Defendants sent Plaintiff all of the materials in their possession.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint. Defendants sent Plaintiff all of the materials in their possession.

67. Defendants, for their response to the allegations contained in paragraph 67 of the Complaint, admit that Edward had no further communications with Plaintiff or her lawyers after January 6, 2015. However, Defendants note that Plaintiff should have received one or more automated responses indicating that Edward was on extended medical leave.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

68. Defendants, for their response to paragraph 68 of the Complaint, admit that 837 days passed between August 18, 2014 and December 2, 2016. Defendants deny the remaining allegations.

### III.

### FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

69. Defendants, for their response to paragraph 69 of the Complaint, incorporate by reference their responses to paragraphs 1 through 68 as if fully set forth herein.

70. Defendants admit the allegations contained in paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in paragraph 71 of the Complaint.

72. Defendants, for their response to the allegations contained in paragraph 72 of the Complaint, admit that Plaintiff performed all conditions required of her under the *Engagement Letter* with Defendants (which was for preparing and filing a provisional patent application). Defendants further state that they completed, and exceeded, the original scope of representation by preparing and filing a full, non-provisional, patent application.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint. Defendants performed the scope of representation set forth in the *Engagement Letter*.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint. Defendants performed the scope of representation set forth in the *Engagement Letter*.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint. Defendants performed the scope of representation set forth in the *Engagement Letter*.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint. Defendants performed the scope of representation set forth in the *Engagement Letter*.

//

//

## SECOND CLAIM FOR RELIEF

### (Fraud by Negligent Misrepresentation)

77. Defendants, for their response to paragraph 77 of the Complaint, incorporate by reference their responses to paragraphs 1 through 76 as if fully set forth herein.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Concealment Fraud)

87. Defendants, for their response to paragraph 87 of the Complaint, incorporate by reference their responses to paragraphs 1 through 86 as if fully set forth herein.

88. Defendants, for their response to the allegations contained in paragraph 88 of the Complaint, admit that Edward and Plaintiff were in an attorney-client relationship. Defendants deny the remaining allegations.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint. Defendants did not conceal any fact from Plaintiff.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint. Defendants did not conceal any fact from Plaintiff.

91. Defendants, for their response to paragraph 91 of the Complaint, admit that Edward and Plaintiff had limited email communications after August 18, 2014, that Edward exchanged emails with MAC on August 22, 2014, regarding setting up a telephone call, and that Edward exchanged several emails with H&H in December 2014. Defendants deny the remaining allegations.

92. Defendants, for their response to paragraph 92 of the Complaint, admit that 837 days passed between August 18, 2014 and December 2, 2016. Defendants deny the remaining allegations.

93. Defendants, for their response to paragraph 93 of the Complaint, admit that Plaintiff could have reasonably relied on Edward's representations to her and her lawyers. Defendants deny the remaining allegations, and deny any fraudulent concealment of facts.

94. Defendants, for their response to paragraph 94 of the Complaint, admit that USPTO issued an administrative suspension regarding Edward in March 2015. Defendants deny the remaining allegations.

95. Defendants, for their response to paragraph 95 of the Complaint, admit that Edward was barred from practicing in front of the USPTO in January 2016. Defendants deny the remaining allegations.

96. Defendants, for their response to paragraph 96 of the Complaint, admit that Edward was the attorney of record on Plaintiff's patent application. Defendants deny the remaining allegations.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

///

///

## FOURTH CLAIM FOR RELIEF

### (Negligent Interference with Prospective Economic Relations)

100. Defendants, for their response to paragraph 100 of the Complaint, incorporate by reference their responses to paragraphs 1 through 99 as if fully set forth herein.

101. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 101 of the Complaint, and on that basis deny the same.

102. Defendants, for their response to the allegations contained in paragraph 102 of the Complaint, admit that Plaintiff advised Edward that she intended to enter into an economic relationship with these law firms. Defendants deny the remaining allegations.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants, for their response to paragraph 104 of the Complaint, deny that Edward negligently interfered with any alleged prospective economic relations between Plaintiff and MAC and B&M. Defendants lack sufficient information to admit or deny the remaining allegations, and on that basis deny the same.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

111. Defendants, for their response to paragraph 111 of the Complaint, incorporate by reference their responses to paragraphs 1 through 110 as if fully set forth herein.

112. Defendants admit the allegations contained in paragraph 112 of the Complaint.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

113. Defendants admit the allegations contained in paragraph 113 of the Complaint.

114. Defendants, for their response to the allegations contained in paragraph 114 of the Complaint, state that it sets forth an allegation of law, and not an allegation of fact to which a response is required. The specific parameters of the fiduciary duty between attorney and client are established by Nevada and/or New York law, and cannot be created or modified through a defendant's admission or denial of the same.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

### SIXTH CLAIM FOR RELIEF

### (Legal Malpractice)

122. Defendants, for their response to paragraph 122 of the Complaint, incorporate by reference their responses to paragraphs 1 through 121 as if fully set forth herein.

123. Defendants admit the allegations contained in paragraph 123 of the Complaint.

124. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 124 of the Complaint, and on that basis deny the same.

125. Defendants admit the allegations contained in paragraph 125 of the Complaint.

126. Defendants admit the allegations contained in paragraph 126 of the Complaint.

127. Defendants, for their response to the allegations contained in paragraph 127 of the Complaint, admit that H&H explained these things to Edward. Defendants lack sufficient information to admit or deny the remaining allegation ("Which Edward failed to do"), because it

is vague and unintelligible, and on that basis deny the same. Defendants sent H&H and Plaintiff all of the materials in Defendants' possession at the time.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint. Defendants note that they had no physical files, because they were lost as a result of Hurricane Sandy.

129. Defendants admit the allegations contained in paragraph 129 of the Complaint. Edward was on intermittent medical leave from August 2014 until approximately early May 2015, and this fact was communicated to Plaintiff.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim or cause of action upon which relief may be granted.

2. Plaintiff's claims, with the exception of her First and Sixth Claims for Relief, are duplicative and improper, in that they all arise out of the attorney-client relationship and are subsumed within the First and Sixth Claims for Relief.

3. Plaintiff's recovery, if any, under any of her negligence-based claims for relief should be barred, or her recovery reduced, pursuant to Plaintiff's own comparative negligence or fault, including that of her other agents or attorneys which may be imputed to Plaintiff.

4. Plaintiff's damages, if any, are the result of the acts or omissions of third parties over whom Defendants had no control, including but not limited to Plaintiffs other attorneys.

5. Plaintiff's recovery is barred by her failure, including that of her other attorneys, to take reasonable steps to seek reversal of the decision of the USPTO to declare the subject patent abandoned.

6. Plaintiff's recovery is barred by her failure, including by and through her other attorneys, to take reasonable steps to mitigate her damages.

7. Plaintiff's recovery, if any, is subject to the "case within a case" or "trial within a trial" defense, such that Plaintiff cannot prove that but-for Defendants' alleged malpractice or other wrongful conduct, Plaintiff would have prevailed in one or more patent infringement actions against one or more alleged infringers.

8. Plaintiff's Third and Fifth Claims for Relief are barred by Defendants' lack of intent to conceal information from Plaintiff or her lawyers, or to otherwise defraud or deceive Plaintiff or her lawyers.

9. Plaintiff's recovery of certain damages is barred because such damages are impermissibly speculative.

10. Plaintiff's prayer for attorney's fees as damages is barred by the "American Rule."

11. The imposition of punitive damages against Defendants would violate certain provisions and safeguards of the Constitution of the United States, including, but not limited to, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, which guarantee Defendants due process of law and equal protection among other guarantees.  Without any limitation, Defendants would show that the law by which they may be subject to punitive damages is unconstitutionally vague, facilitates verdicts which bear no rational relationship to any alleged harm or legitimate interest, allows the jury unfettered discretion, discriminates against Defendants based on wealth or status, provides no meaningful judicial process for review, places no rational limitation on the amount awarded, permits the jury to be influenced by passion and prejudice, is penal in nature,

fails to provide the substantive and procedural safeguards afforded to criminal defendants such as requiring proof beyond a reasonable doubt, allows the imposition of excessive fines, and does not conform to the principles established by the United States Supreme Court. Finally, Defendants would show that the imposition of punitive damages would violate Article I, Section X, of the United States Constitution. Defendants further plead that the imposition of any punitive damages in this case would violate similar and related provisions of the Constitution of the State of Nevada.

12. With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006); and their progeny.

13. If entitlement to punitive damages is shown, which entitlement is specifically denied, such punitive damages must be assessed in a manner bearing a rational relationship to Plaintiff's compensatory damages, to the degree of reprehensibility of these answering Defendants' alleged conduct, and to the nature of civil or criminal penalties which are available for similar conduct.

14. Punitive damages are not available under Plaintiffs' First, Second, Fourth, Fifth, and Sixth Claims for Relief.

15. Defendants specifically reserve the right to amend this answer by adding defenses, counter defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

///

///

WHEREFORE Defendants pray that Plaintiff take nothing by her Complaint, and that Defendants be awarded the costs and reasonable attorney fees incurred in the litigation of this action.[1]

### Affirmation Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this 13 day of February, 2017.

LAXALT & NOMURA, LTD.

Daniel T. Hayward, Esq.
Nevada State Bar No. 5986
JAMES MURPHY
Nevada State Bar No. 8586
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
dhayward@laxalt-nomura.com
Telephone: (775) 322-1170
Facsimile: (775) 322-1865
Attorneys for Defendants
*Edward Etkin, and*
*Law Office of Edward Etkin, Esq. PC*

---

[1] Defendants note that to the extent, if at all, one or more licensed attorneys have ghost-written part or all of Plaintiff's Complaint, such "ghost-lawyering" is improper, as explained by the State Bar of Nevada Standing Committee on Ethics and Professional Responsibility in Formal Opinion No. 34 (originally issued on 12/11/2006; revised on 6/24/2009). Any licensed attorneys providing substantial assistance to Plaintiff must be revealed to the Court and Defendants such that their conduct may be measured against the Federal Rules of Civil Procedure and the Nevada Rules of Professional Conduct.

16

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of LAXALT & NOMURA, LTD., and that on this date I caused a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF electronic notice system to the attorneys associated with this case.

I further certify that on this date I caused a true and correct copy of the foregoing document to be deposited in the United States mail, first-class postage pre-paid, addressed as follows to the *Plaintiff in Proper Person:*

Shana Lee McCart-Pollak
1900 Thunder Ridge Circle
Henderson, Nevada 89012

DATED this 13 day of February, 2017.

_____
KATHIE MARTIN