# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

SHANA LEE MCCART-POLLAK,

Plaintiff,

v.

EDWARD ETKIN, et al.,

Defendants.

Case No. 2:17-cv-00042-RFB-CWH

**ORDER**

Presently before the court is defendants Edward Etkin and Law Office of Edward Etkin, Esq. PC's (together, "Etkin" or defendants) motion for attorney's fees (ECF No. 66), filed December 22, 2017. Plaintiff Shana Lee McCart-Pollack filed a response and countermotion to extend time for payment (ECF Nos. 71, 72) on January 8, 2018. Defendants filed a reply in support of their motion and a response to the countermotion (ECF Nos. 73, 74) on January 9, 2018. McCart-Pollack filed a reply in support of her countermotion (ECF No. 76) on January 19, 2018. Defendants move for a determination of attorney's fees awarded at the hearing held on December 8, 2017. (Mins. of Proceedings (ECF No. 64).)

**I.   BACKGROUND**

This attorney malpractice action arises from a dispute regarding the handling of McCart-Pollack's patent and trademark case. Plaintiff alleges that by mishandling her pending patent and trademark application, her attorney caused her to suffer various damages. (Compl. (ECF No.1).) In preparation for trial, defendants moved to compel discovery, and for sanctions. (Mot. to Compel (ECF No. 23).) At a hearing on December 8, 2017, the court granted the motion and sanctions of attorney's fees and ordered the parties to meet and confer regarding the amount of fees and costs. (Mins. of Proceedings (ECF No. 64).) Because the parties were unable to resolve

the dispute regarding the amount of fees, defendants moved for a determination of the amount of attorney's fees. Defendants seek attorney's fees in the amount of $2,860.00.

McCart-Pollack does not contest the reasonableness of the fees, but desires to extend the time, until the end of the case, to pay the fees. (ECF Nod. 71,72). She argues that defense counsel has already been paid by Etkin, except for $100 which she offers to pay now, so counsel has been made whole. She further argues that she has a claim against Etkin for $5,000 which she believes she will win at the end of the case. She also argues that she did not act in bad faith, she is a pro se litigant, and she restates her arguments made at the hearing regarding the merits of the motion to compel. Etkin replies that the purpose of the attorney's fees is to make the defendants whole, and that Etkin had to pay his lawyer $2,860 to compel discovery in order to defend the case and prepare for trial. Etkin further argues that he is entitled to prompt payment, and that any dispute regarding the ultimate outcome of the case must wait until the case is resolved.

## II. ANALYSIS

The court should only award attorney's fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The lodestar method is the customary method that the court uses when determining attorney's fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*; *see also McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the court determines some requested fees should be excluded as unreasonable, the court may exclude bill entries pursuant to an hour-by-hour analysis. *Gonzalez*, 729 F.3d at 1203.

The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the court

may adjust the lodestar amount based on the *Kerr* factors[1] to account for factors that have not been subsumed in the lodestar calculation. *Id.* "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111.

Furthermore, Local Rule 54-14(b) requires a party seeking attorney's fees to include (1) a reasonable itemization and description of the work performed and (2) an itemization of all costs sought to be charged as part of the fee award.[2]

### A. Reasonable Hourly Rate

The court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez*, 729 F.3d at 1205 (quotation omitted). The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted). The party seeking fees bears the burden of producing satisfactory evidence to justify the requested rate. *Gonzalez*, 729 F.3d at 1206.

Here, the hourly rates on the billing record submitted by defendants' attorneys is $200.00. McCart-Pollack did not object to the reasonableness of the rates, and the court finds this rate to be reasonable for this forum.

---

[1] The *Kerr* factors include:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[2] Local Rule 54-14(b) imposes additional requirements on a motion for attorney's fees, however, since McCart-Pollack focused her arguments only the timing of payment of attorney's fees, the court does not address the rest of the requirements imposed by LR 54-14(b).

**B.     Reasonable Hours Expended**

Defendants request compensation for, and provide a reasonable itemization of, 14.3 hours of attorney work to prepare the motion to compel and appear for the hearing on December 8, 2017.  McCart-Pollack did not object to the reasonableness of the hours expended, and the court finds the hours expended to be reasonable for this dispute.

**C.     Timing of Payment of Fees**

Because McCart-Pollack believes that Etkin is liable for breaching a contract between them, she argues that she should not be required to reimburse the fees paid by Etkin to his attorney until the end of the case.  But McCart-Pollack took a position in the discovery dispute which, the court has determined, was not substantially justified, and that sanctions would be not be unjust.  Federal Rule of Civil Procedure Rule 37(a)(5)(A) guides the outcome in such a situation.  The court finds no bad faith by McCart-Pollack, but the rule requires none.  Pro se litigants are bound by the same procedural rules as other litigants.  Moreover, McCart-Pollack provides no information that she is unable to timely pay the fees, for example, because she is financially unable to do so.  Under these circumstances, McCart-Pollack provides insufficient justification to avoid the requirement to pay sanctions now.  Accordingly, the attorney's fees of $2,860.00 are due within 60 days from the date of this order.

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion for attorney's fees (ECF No. 66) in the amount of $2,860.00 is GRANTED.

IT IS FURTHER ORDERED that McCart-Pollack's countermotion to extend time (ECF No. 72) is DENIED.

IT IS FURTHER ORDERED THAT McCart-Pollack shall pay Etkin a total amount of $2,860.00 within 60 days from the date of this order.

DATED: July 31, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE